UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Justin Robinson,

Plaintiff,

ORDER

vs.

Dakota County Jail Administration, Judy Burrows, and Commander Mike Scott,

Defendants.

Civ. No. 01-1819 (JMR/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 26th day of October, 2001.

* * *

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon the Plaintiff's Application to Proceed <u>in forma pauperis</u>. For these purposes, the Plaintiff appears <u>pro se</u> and, because process has yet to be served, no appearance has been made by, or on behalf of, the Defendants.

The Plaintiff is currently incarcerated at the Dakota County Jail in Hastings, Minnesota. He has commenced this action under Title 42 U.S.C. §1983, as it appears that he believes that the Defendants denied him Due Process and Equal Protection of the law

FILED OCT 26 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

when they took away five days of his "good time" credit, and did not pursue sanctions against other inmates who committed rule violations. He has also filed his current Application to proceed in forma pauperis.

As a prison inmate, the Plaintiff is ineligible to obtain full relief from the filing fee in this action. See, Title 28 U.S.C. §1915(b)(2). According to Section 1915(b), which is part of the Prison Litigation Reform Act of 1995 ("PLRA"), "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." However, a prisoner may, nonetheless, be granted in forma pauperis status, which allows him to pay the filing fee in installments, rather than paying the entire amount in advance. See, Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998)("The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"), citing Henderson v. Norris, 129 F.3d 481, 483 (8th Cir. 1997), citing in turn McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997).

Section 1915(b)(1) requires a prisoner seeking in forma pauperis status to pay an initial partial filing fee at the outset of the case, and Section 1915(b)(2) requires that the remaining bal-

ance be paid in installments through regular deductions from the prisoner's trust account. As our Court of Appeals has recently explained:

> Even though seeking IFP status, the prisoner is required to pay the full amount of the fee. The court assesses and, when funds exist, collects as partial payment of the court fees required by law, an initial partial filing fee of 20% of the greater of: (a) the average monthly deposits to the prisoner's account; or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
>
> * * *
>
> After paying the initial filing fee, the prisoner must make monthly payments equal to 20% of the preceding month's income credited to his prison account. 28 U.S.C.A. §1915(b)(2). So long as the prisoner's account exceeds $10, prison officials are given authority to take the 20 percent. These payments are sent to the clerk of the court. The payments are deducted from the accounts until the full filing fee has been paid.

Murray v. Dosal, 150 F.3d 814, 817 (8th Cir. 1998).

Here, the Plaintiff has supplied a prison trust account statement certifying that, during the six-month period immediately preceding the filing of his Complaint, the average monthly deposits into his trust account equaled $30.00, and his average monthly balance was $0. Because the average monthly balance is less than his average monthly deposits amount, the Plaintiff is required to pay an initial partial filing fee of twenty percent of his average monthly

deposits amount. Consequently, the Plaintiff is obligated to pay $6.00 to initiate this action.

Pursuant to Section 1915(b)(1), the Plaintiff must pay that amount as an initial partial filing fee before this action will be allowed to proceed. The remaining balance of the $150.00 filing fee will have to be paid in later installments. Prison officials will have to deduct funds from Plaintiff's trust account and submit such funds to the Court, as provided by Section 1915(b)(2).

If the initial partial filing fee prescribed herein is paid within thirty (30) days after the date of this Order, the case will be allowed to proceed. However, it should be noted that, if such initial partial filing fee is timely paid, the Complaint must still be "screened," pursuant to Title 28 U.S.C. §1915A so as to determine whether the Plaintiff has stated a claim upon which relief may be granted.[1] Only if the Plaintiff's Complaint survives

---

[1]Although the Plaintiff's Complaint has yet to be "screened," a cursory inspection suggests that the action may have difficulty in surmounting that screening process. To the extent that the Plaintiff is suing the Dakota County Jail Administration itself, for constitutional violations allegedly committed by its employees, his claims will most probably fail as a County Jail cannot be held vicariously liable for constitutional torts committed by their employees. See, De La Garza v. Kandiyohi County Jail, 2001 WL 987542 at *1 (8th Cir. August 30, 2001) [unpublished opinion]; c.f., Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). Moreover, the Plaintiff admittedly has not exhausted his administrative remedies within the jail system, although it is not entirely clear if such remedies were available to him. Specifically, (continued...)

such screening will the Court grant in forma pauperis status, and order that a Summons be issued, and that Defendants be served by the United States Marshal. If the initial partial filing fee is

---

[1](...continued)
the Plaintiff checked the "no" box when asked if "there [is] a prisoner grievance procedure at the institution?" Complaint, at 2. However, he further states that he did not file a grievance "[b]ecause I had thought at the time it was a good [decision] for me to just * * * let it go" and, although he later changed his mind, "it was too late so I filed a lawsuit." Id. Thus, it appears that the Plaintiff may have had access to a grievance system, but just opted not to utilize it. In this respect, the United States Supreme Court has recently held that a prisoner seeking relief under Title 42 U.S.C. §1983 is required to exhaust his administrative remedies before initiating a civil action, as long as an administrative tribunal has authority to act in some way, and even though the administrative tribunal may not be able to grant the requested relief. See, Booth v. Churan, 531 U.S. 956, ---, 121 S.Ct. 1819, 1822 (2001). Moreover, our Court of Appeals has consistently held that, when a plaintiff is seeking damages and the restoration of good time credit, he must pursue the restoration of the good-time credit by a Petition for a Writ of Habeas Corpus, see, Title 28 U.S.C. §2241, and he cannot initiate a suit for damages until he has had the disciplinary decision, which resulted in the loss, invalidated. See, Henson v. Brownlee, 2001 WL 121987 (8th Cir., February 13, 2001); Grady v. M. Aud, 92 F.3d 1189, 1996 WL 390430 (8th Cir. July 12, 1996) [unpublished decision]. Therefore, if the Dakota County Jail has a grievance procedure, then the Plaintiff was required to first take his dispute there, prior to filing this lawsuit. Further, if the disciplinary decision is not overturned by the administrative tribunal, he will then have to seek restoration of his good time credit through a Habeas Petition. Only then can he maintain a suit for damages under Section 1983. We bring these pre-service deficiencies to the Plaintiff's attention, not to suggest any future disposition of his claim, nor to discourage him in further pursuit of the claim he has filed. Rather, we draw these matters to his attention for such additional research as he should wish to undertake, given the prospect that any filing fee could be expended on a claim that might well be subject to a summary disposition.

not paid within thirty (30) days, the Plaintiff will be deemed to have abandoned this action, and it will be recommended that the case be dismissed, without prejudice, for lack of prosecution.

THEREFORE, It is --

ORDERED:

That within thirty (30) days after the date of this Order, the Plaintiff shall pay an initial partial filing fee of not less than $6.00, failing which this Court will recommend that the action be dismissed, without prejudice, for failure to prosecute.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE