UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Justin Robinson,

Plaintiff,

vs.

REPORT AND RECOMMENDATION

Dakota County Jail
Administration, Judy
Burrows, and Commander
Mike Scott,

Defendants.

Civ. No. 01-1819 (JMR/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 6th day of December, 2001.

* * *

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiff's Application to Proceed in forma pauperis. The Plaintiff appears pro se and, in view of the fact that his Complaint has yet to be served, no appearance has been made on behalf of the Defendants.

FILED DEC 06 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

When the Plaintiff commenced this action, on October 4, 2001, he was incarcerated at the Dakota County Jail.[1] He commenced this action under Title 42 U.S.C. §1983, as it appears that he believes that the Defendants denied him Due Process and Equal Protection of the law when they took away five days of his "good time" credit, and did not pursue sanctions against other inmates who committed rule violations. He also filed the current Application to proceed in forma pauperis.

On October 26, 2001, this Court advised the Plaintiff that he needed to submit a partial filing fee of $6.00 to initiate the action, in accordance with Title 28 U.S.C. §1915(b)(1). Our Order gave the Plaintiff thirty days to submit the partial filing fee. See, Docket No. 3, at 6. The Order expressly advised the Plaintiff that his case would be subject to dismissal unless he complied with the stated requirement within the time allowed. Id. ("[T]he Plaintiff shall pay an initial partial filing fee of not less than $6.00, failing which this Court will recommend that the action be dismissed, without prejudice, for failure to prosecute.").

The deadline for satisfying the requirement of this Court's prior Order expired more than one week ago, and the Plaintiff has

[1]We note that this Court's prior Order was returned to the Clerk of Court's office, as the Plaintiff is not longer an inmate at the Dakota County Jail. There was no forwarding address, and the Clerk of Court was unable to locate him through other means.

yet to satisfy it. Therefore, based on the Plaintiff's failure to comply with this Court's Order dated October 26, 2001, and his failure to prosecute this action, we recommend that his Complaint be dismissed, without prejudice. See, Rule 41(b), Federal Rules of Civil Procedure (declaring that actions may be dismissed for failure to comply with Court Orders); see also, Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (recognizing that a Federal Court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases"); In re Smith, 114 F.3d 1247, 1251 (D.C. Cir. 1997)(advising that the failure to submit financial information required by §1915(a)(2), or an initial partial filing fee required by § 1915(b)(1), "may result in dismissal of a prisoner's action").

NOW, THEREFORE, It is --

RECOMMENDED:

1. That the Plaintiff's Complaint [Docket No. 1] be dismissed for failure to comply with this Court's Order dated October 26, 2001, and for failure to prosecute.

2. That the Plaintiff's Application to proceed in forma pauperis [Docket No. 2] be DENIED, as moot.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than December 21,2001,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than December 21, 2001,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.